IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ERIC COGDELL, individually and on behalf of other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRAZEE CONSTRUCTION CO INC., and DALE STEPHENS FRAZEE, individually,<br><br>Defendants. | Case No.: |

## **COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, ERIC COGDELL, individually and on behalf of other similarly situated (hereinafter "Plaintiff"), by and through the undersigned attorney, sues the Defendants, FRAZEE CONSTRUCTION CO INC., and DALE STEPHENS FRAZEE, individually, (collectively referred to as "Defendants"), and alleges as follows:

## **INTRODUCTION**

1. This is an action by the Plaintiff against his former employers for overtime wages pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. § 206 and 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

**PARTIES**

3. During Plaintiff's employment with Defendants, he served as a laborer and performed related activities at their place of business located at 660 Bear Mountain Road, Ranger, Georgia 30734.

4. Defendant, FRAZEE CONSTRUCTION CO INC., is a Georgia Corporation which operates and conducts business in the City of Ranger, Gordon County, Georgia, and is therefore within the jurisdiction of this Court.

5. Defendant, DALE STEPHENS FRAZEE, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, FRAZEE CONSTRUCTION CO INC., and resides in the State of Georgia. This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Georgia.

## JURISDICTION

6. This action arises under the FLSA, 29 U.S.C. §210, *et. seq*. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 216(b).

## VENUE

7. The venue of this Court over this controversy is proper based upon the claim arising in the City of Ranger, Gordon County, Georgia.

## FACTS

8. Defendant, DALE STEPHENS FRAZEE, is the corporate officer, owner and acting manager of corporate Defendant, FRAZEE CONSTRUCTION CO INC., with the power to: (1) hire and fire Plaintiff; (2) supervise and control Plaintiff's work schedule or conditions of employment; (3) determine Plaintiff's rate and method of payment; and (4) maintain employment records.

9. Defendants employed Plaintiff at their business located at 660 Bear Mountain Road, Ranger, Georgia 30734, within the relevant time period (2014 – 2017).[1]

---

[1] All references to material times relevant to this action shall mean to encompass from 2014 through 2017.

10. Plaintiff worked for Defendants without being paid the correct overtime premium rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

11. Specifically, Defendants paid overtime hours worked in excess of forty (40) hours within a work week at the regular rate of pay for all hours.

12. Defendants paid Plaintiff and other laborers by a paycheck for any hours worked provided it was forty (40) or under.

13. If Plaintiff worked more than forty (40) hours in a week, Defendants paid Plaintiff by a separate check and called it "contract labor."

14. Defendants paid Plaintiff and other laborers in this manner to purposefully avoid overtime pay.

15. Defendants each controlled and/or were responsible for the work of Plaintiff.

16. Plaintiff worked as a "laborer" for Defendants and performed related activities in Gordon County, Georgia.

17. In this capacity, Plaintiff was responsible for performing, including, but not limited to: (a) minor repairs, painting, and carpentry; (b) setting up scaffolding; (c) cutting and stacking cement blocks; and (d) usage

of construction material and equipment while building, repairing, or cleaning the building job site.

18. Plaintiff worked for the Defendants from approximately July 2016 – December 2016.

19. Plaintiff was initially paid $13.00 per hour.

20. Plaintiff was not paid proper overtime wages for all hours worked on a weekly basis throughout his period of employment.

21. Despite working more than forty (40) hours per week, Plaintiff was not paid all compensation for hours worked over forty (40) hours within a work week during several weeks of employment.

22. Defendants were aware of the overtime hours worked.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

## **COVERAGE**

24. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

25. At all material times relevant to this action, Defendants made gross earnings of at least $500,000 annually.

26. At all material times relevant to this action, Defendants accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

27. At all material times relevant to this action, Defendants routinely ordered materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., masonry, concrete, and stone material and supplies).

28. At all material times relevant to this action, Defendants had two (2) or more employees engaged in commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., masonry, concrete, and stone material and supplies).

29. At all material times relevant to this action, Plaintiff was individually engaged in commerce during his employment with Defendants, by working with a wide array of daily-delivered products and goods.

## COLLECTIVE/CLASS ALLEGATIONS

30. Plaintiff and the class members performed the same or similar job duties as one another for Defendants in that they provided laboring and construction services.

31. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

32. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

33. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that laborers were paid for all overtime hours worked based on the Defendants' failure to credit the laborers with all hours worked.

34. This policy or practice was applicable to Plaintiff and the class members.

35. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the

same policies or practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

36. Accordingly, the class members are properly defined as:

> **All hourly paid employees whom worked for Defendant, FRAZEE CONSTRUCTION CO INC., within the state of Georgia within the last three (3) years and whom were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

37. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

38. The exact number of members of each class can be determined by reviewing Defendants' records. Plaintiff, under information and belief, is informed there are numerous of eligible individuals in the defined class.

39. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

40. Defendants were aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

41. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

42. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

43. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST FRAZEE CONSTRUCTION CO INC.**

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 43 above.

45. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

46. During Plaintiff's employment with Defendant, FRAZEE CONSTRUCTION CO INC., Plaintiff worked overtime hours but was not

9

paid time and one-half his regular rate of pay for the same during several weeks.

47. As a result of Defendant's, FRAZEE CONSTRUCTION CO INC., intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

48. Defendant, FRAZEE CONSTRUCTION CO INC., neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

49. Also, Defendant, FRAZEE CONSTRUCTION CO INC., failed to post required FLSA informational listings as required by law.

50. As a result of Defendant's, FRAZEE CONSTRUCTION CO INC., willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST DALE STEPHENS FRAZEE**

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 43 above.

52. Defendant, DALE STEPHENS FRAZEE, is the Owner and President of FRAZEE CONSTRUCTION CO INC.

53. Defendant, DALE STEPHENS FRAZEE, is an Owner who acted with direct control over the work, pay, and job duties of Plaintiff.

54. Defendant, DALE STEPHENS FRAZEE, had the power to hire and fire Plaintiff.

55. Defendant, DALE STEPHENS FRAZEE, supervised and controlled Plaintiff's work schedule, job duties and responsibilities, and/or conditions of employment.

56. Defendant, DALE STEPHENS FRAZEE, determined Plaintiff's rate and method of payment.

57. Defendant, DALE STEPHENS FRAZEE, maintained employment records.

58. As such, Defendant, DALE STEPHENS FRAZEE, is charged with the responsibility for violations of Plaintiff's rights to overtime and resulting damages.

**WHEREFORE**, Plaintiff, ERIC COGDELL, individually and on behalf of other similarly situated demands judgment against FRAZEE CONSTRUCTION CO INC., and DALE STEPHENS FRAZEE,

individually, for the payment of all unpaid wages, overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Ga. Bar No.: 488443
Fla. Bar No.: 540021
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Direct: (404) 496-7295
Main: (404) 965-8811
Facsimile: (404) 965-8812
E-mail: CLeach@forthepeople.com
***Attorneys for Plaintiff(s)***